IN THE
UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MARCO GALINDO

  Plaintiff,

v.                                          NO. 2:23-cv-00556-JRS-MG

CENTURION, LLC;
CENTURION HEALTH SERVICES;
SAMUEL BYRD;
REGIONAL DIRECTOR FOR
CENTURION; And
FRANK VANIHEL

  Defendants.

FILED
12/05/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## CIVIL RIGHTS COMPLAINT AND DEMAND FOR A JURY TRIAL

This is a 1983 Action filed by Marco Galindo, a prisoner that is confined at Wabash Valley Correctional Facility. He contends that numerous medical personnel contracted by Centurion to provide health care to prisoners incarcerated within Indiana Department of Corrections, and the Warden of Wabash Valley Correctional Facility, violated his Eighth Amendment right of U.S. Constitution, when they refused to provide him with adequate medical

care to treat his bleeding stomach ulcers.

## JURISDICTION AND VENUE

1) This is a civil rights action under 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1343. This court also has jurisdiction of this action under 28 U.S.C. § 1331, in that the matter and controversy arise under the Eighth and Fourteenth Amendment to the constitution of the United States.

## PARTIES

2) Plaintiff, Marco Galindo, is a prisoner at WABASH VALLEY CORRECTIONAL FACILITY (W.V.C.F). Plaintiff was at all relevant times stated herein, confined at G-Restrictive Housing Unit, at WABASH VALLEY CORRECTIONAL FACILITY. Address 6908 S Old U.S. HWY 41, P.O. BOX 1111, Carlisle, Indiana 47838. Plaintiff DOC# is 260450;

3) Defendant, Centurion, LLC, was at all relevant times herein, the duly appointed, qualified and acting Health Care provider for Indiana Department of Corrections. Defendant address is unknown;

4) Defendant, Centurion Health Services, was at all relevant times herein, the duly appointed, qualified and acting Health Care provider for Indiana Department of Corrections. On July 1, 2021

Centurion Health Services, was contracted as Medical provider for WABASH VALLEY CORRECTIONAL FACILITY;

5). Defendant, Samuel Byrd, was at all relevant times herein, the duly appointed, qualified and acting physician at WABASH VALLEY CORRECTIONAL FACILITY. Defendant Byrd, is an Agent of defendant Centurion. Defendant Byrd, Address is 6908 S. Old U.S. Hwy 41, P.O. Box 1111, Carlisle, Indiana 47838;

6). Defendant, John Doe, was at all relevant times herein, the duly appointed, qualified and acting REGIONAL DIRECTOR FOR CENTURION. Defendant John Doe, is an Agent for defendant Centurion. Defendant Address is unknown;

7). Defendant, Frank Vanihel, was at all relevant times herein, the duly appointed, qualified and acting WARDEN of WABASH VALLEY CORRECTIONAL FACILITY. Defendant, Address is 6908 S Old U.S. Hwy 41, P.O. Box 1111, Carlisle, Indiana 47838;

8). All defendants are sued in their official and Individual's capacities.

9). At all relevant times herein, the defendants Centurion, Centurion of Indiana, Samuel Byrd, John Doe, and Frank Vanihel have acted under the color of law and the Authority of the state of Indiana or in Active concert with such defendants who were so acting.

## A. FACTUAL BACKGROUND

10). Plaintiff is a 45 year old Mexican who was very active and healthy person, that loved to play soccer, hand ball, and basketball, prior to getting sick. He was convicted for murder, and sentenced to 65 years prison term out of Hendrick county. He has been imprisoned since 2015.

11). In November of 2022, while being confined in G-cell house, cell# G-109, plaintiff began to get gravely ill, as a result, he began bleeding out of his rectum. Plaintiff was unable to eat anything or drink anything without experiencing severe stomach pain.

12). Plaintiff's medical records clearly shows that he has a history Ulcers, prior to his illness.

13). On December 3, 2022, plaintiff submitted a request to Health care telling them about his health crisis and requested Emergency health treatment, but plaintiff's pleas for Emergency treatment, were Ignored.

14). On December 6, 2022 plaintiff was taken medical to see Doctor Byrd in regards to his health situation. Doctor Byrd without actually examining plaintiff, diagnosed plaintiff as suffering from hemorrhoids, and ordered or prescribed hemorrhoids meds. Plaintiff argued that his problems were more complicated than that, but to no avail.

15). On December 12, 2022 plaintiff submitted another Health Care Request to W.V.C.F Health Care Department, pleading for treatment. Plaintiff asked that he be scheduled to see a specialist, etc. However, plaintiff's pleas for urgent medical treatment were ignored. W.V.C.F and its Health Care Department were non-chalant in providing plaintiff with urgent medical treatment for his serious medical needs.

16). On December 14, 2022 W.V.C.F Health Department responded to plaintiff's requests for urgent medical treatment negatively. (see, Exhibits attached hereto __A__)

17). Prior to his illness plaintiff weighed 160 pounds. As a result of him not being able to eat or drink anything without suffering severe stomach pain, plaintiff lost 50 pounds (weigh reduced to 110 pounds). He was so weak that he was unable to get out of bed, or walk. He had to be escorted around in a wheel chair.

18). On January 20, 2023 plaintiff's condition deteriorated to this an extent that he had to be rushed to an outside hospital for treatment. However, the real underlying problems concerning his illnesses were never addressed or attended to. In short, no one bother to have plaintiff seen by a G.I. specialist or schedule him for a colonoscopy or a endoscopy examines

19) upon plaintiff return to W.V.C.F from the hospital, his condition continued to deteriorate. Yet, defendant Byrd refused to schedule him to see a Gastroenterologist Specialist /or G.I specialist.

20). On January 20, 2023 plaintiff was seen by defendant Byrd concerning his bleeding Ulcers and rectum pain. plaintiff explained to defendant Byrd that he was still bleeding out of his rectum, and experiencing alot of pain.

21) on January 23, 2023 defendant Byrd prescribed the following treatment and Medications to Address plaintiff's Health problems:

1. Renal diet;
2. COLAZAL 750 mg capsule (Take orally 3 times every day for 90 days);
3. Omeprazole 40 mg capsule, delayed release (Take orally (1 time every day before a meal);
4. Prednisone 10 mg tablet (4 tabs po daily for 7 days then 3 tabs po daily for 7 days then 2 tabs po daily for 7 days then 1 tab po daily for 7 days then off);
5. Ensure oral Liquid (Take 1 cartons by oral route 3 times every day for 30 days);
6. Potassium chloride ER 10 mEq tablet, extended release (Take 1 tablet by oral route 2 times every day);
7. Ferrous Sulfate 325 mg (65 mg iron) tablet (take 1 tablet by oral route 2 times every day);

8. Pepcid 20 mg tablet (TAKE 1 tablet by oral route 2 times every day). (see, Exhibit __B__ Attached hereto).

Defendant Byrd, diagnosed plaintiff as suffering from Crohn Disease, before blood tests had been completed, A Colonscopy, or An barium swallowed X ray was performed. Plaintiff's diagnosis was made before Computed Tomography (C.T) was dawn.

22). On March 8, 2023 plaintiff submitted A Health care Request to W.V.C.F. Health Care Department, complaining about Hemorrhoids pain, requesting that his hemorrhoids be cut out and removed. He begged that he be helped.

23) On March 10, 2023 W.V.C.F Health Care Department responded to plaintiff's request for Health care. plaintiff was informed that he had be referred to M.D. and was SCHEDULE. (see, Exhibit __C__ Attached hereto)

24). Defendant Byrd, prescribed plaintiff stool softner or Lubricant Suppositories to ease his pain.

25) On April 8, 2023 plaintiff submitted A Health care Request to W.V.C.F Health care Department, complaining that the cream and suppositories he had been prescribed were not working. He begged for more help.

26) On April 8, 2023 W.V.C.F. Health Care Department responded the same day. (see, Exhibit __D__ attached hereto).

27) The facts clearly shows that at the beginning of plaintiff health ordeal, the pain he felt in his Anus and rectum was caused by Hemorrhoids that protruded out of his Anus and rectum. As his bleeding ulcer condition got worser, his hemorrhoids transformed into Abscesses or fistuals.

28) On April 29, 2023 plaintiff received an NPO Notification from W.V.C.F Health Care Department informing him that he was scheduled for COLONOSCOPY on May 1, 2023, therefore, do not eat or Drink anything, (see, Exhibits __E__ attached hereto)

29) On May 1, 2023 plaintiff was taken to outside hospital where COLONOSCOPY was performed. The COLONOSCOPY was performed at Regional Hospital, 3901 S. 7th Street, Terre Haute, IND. 47802.

30) Upon his return from the hospital, the Abscesses that had developed inside and outside of plaintiff's Anus and rectum that he could not sit down or get comfortable. As a result, on May 8, 2023 plaintiff was taken to a Hospital in Indianapolis, Indiana where he underwent an operation to cut open and drain his Abscesses.

31) On May 12, 2023 plaintiff submitted a Health Care Request to W.V.C.F Health Care Department complaining about pain and discomfort. (See, Exhibit F Attached hereto).

32) On May 23, 2023 plaintiff submitted a Health Care Request to W.V.C.F Health Care Department, complaining that fece was getting into his abscesses that were recently cut open, when he defecated. Plaintiff asked that his anus be checked and clean. (See, Exhibit G Attached hereto).

33) On May 24, 2023, plaintiff was taken to Indianapolis Indiana to undergo another operation. Plaintiff suffer from inside and outside abscesses in and outside anus. Dr. Waters drained the inside abscess in plaintiff anus.

34) On May 31, 2023, plaintiff submitted a Health Care Request to W.V.C.F Health Care Department, complaining about pain, needing more pain medication, and Epsom salt, steralized pads to clean his wounds (anus). (See, Exhibit H Attached hereto)

35) On June 3, 2023, plaintiff was taken back to Indianapolis, Indiana to get a check up, and make sure everything were still in place after the operation and drainage of abscesses. Plaintiff was referred to see a G.I. Specialist.

36) On June 6, 2023 plaintiff submitted a Health Care Request to W.V.C.F Health Care Department, complaining that he was still in pain. Plaintiff stated that Dr. Waters who treated him in Indianapolis, had told him that once his Narco prescription expired, plaintiff was supposed to have received Tylenol 1000 mg for his pain. He wanted to know why defendant Byrd had not ordered his prescription.

37) On June 7, 2023, W.V.C.F Health Department responded, that Tylenol had been ordered. (see, Exhibit I attached hereto).

38) On June 25, 2023 plaintiff submitted a Health Care Request to W.V.C.F Health Care Department, complaining that he never received the medication that Dr. Waters said he had prescribed to help his Abscesses wounds heal. Plaintiff complained that feces was getting into his wounds when he defecated.

39) On June 26, 2023, W.V.C.F Health Care Department responded. (see, Exhibit J attached hereto).

40) On June 28, 2023 plaintiff submitted a Health Care Request to W.V.C.F Health Care Department, complaining about the drainage hose inserted in his Anus to drain his Abscesses. Plaintiff asked to see defendant Byrd, he also stated the pain he had been forced to endure is almost unbearable. He asked for Epsom salt. (see, Exhibit K attached hereto).

41) On July 7, 2023 plaintiff was seen by defendant Byrd. Defendant Byrd schedule appointment for plaintiff to see a Gastroenterologist Specialist.

42) On August 10, 2023 plaintiff was taken over to W.V.C.F Hospital which is located in OSB building on the south side. plaintiff was Liquids called Avsola which was prescribed to treat his inflammation and pain.

43) On August 24, 2023, plaintiff was taken over to W.V.C.F Hospital, and given the Liquids Avsola to treat his inflammation and pain.

44) On October 11, 2023 defendant Byrd, discontinued Avsola medication that plaintiff was being Administered. The Avsola was replace by medication called Humeda.

45) On October 19 2023 plaintiff was taken over to W.V.C.F Hospital and Administered some more liquid medication to treat his inflammation and pain.

46) Plaintiff cannot remember the exact date, but defendant Byrd prescribed the following Medication early on to treat his bleeding Ulcers:

    1. METRONIDAZOLE 500 mg tab (which he was to take 3 times a day).

    2. CIPROFLOXACIN HCL 500 mg tab (take by mouth 1 tab every 12 hours).

These two (2) medications are antibiotics which are used to treat abdominal infections etc. however, these medications failed to improve plaintiff's condition.

47) The brand names for AVSOLA is also INFLECTRA, REMICADE and RENFLEXIS. This medication that plaintiff has been prescribed to treat the inflammation and pain in his body is very dangerous. It dangerous because it decrease your body's ability to fight an infection. The effect can lead to very serious (possibly fatal) infections (such as fungal infections, bacterial infections including tuberculosis). etc. Plaintiff has been forced out of necessity to take this medication because he had no other options.

48). Plaintiff contends that one of the side effects of CIPROFLOXACIN HCL 500 mg TAB, is inflammation, seizures tremors and nervousness. It is logical to conclude that the inflammation that AVSOLA was prescribed to reduce, was caused by the prescription of CIPROFLOXACIN HCL 500 mg tab.

B.   PLAINTIFF'S ALLEGATIONS

49). Prior to filing this complaint, plaintiff Galindo had previously filed medical complaint and grievances with W.V.C.F. Health Care Department which function as an contracted agent of CENTURION HEALTH SERVICES, and Warden Frank Vanihel in regards to the denial of adequate

medical attention /or deliberate indifference to his serious medical needs. (see, Exhibits L, M & N )

50). Defendants Centurion, LLC, Centurion Health Services, Samuel Byrd, Regional Director for Centurion, and Frank Vanihel, failed to take corrective actions concerning the allegations presented herein.

51). Plaintiff Galindo, contends that defendants refusal to provide him with adequate medical treatment for his serious medical needs, were denial as a cost-saving measure. Such cost saving denial of medical treatment is a common occurrence and policy and practice by defendants.

52). Defendants Byrd, knew that plaintiff Galindo was suffering from Gastrointestinal pain, bleeding because defendant Byrd had perform an rectal examination to determine the source of plaintiff bleeding. Plaintiff Blood was was tarry and Black. There was blood in plaintiff vomit. The diagnostic test perform on plaintiff clearly revealed that he was in need of Emergency treatment, such as surgery. Despite such knowledge defendant Byrd refused to take corrective measure to get plaintiff the medical treatment he was in desperate need of.

53). Defendants, Centurion, LLC, Centurion Health Services, Regional Director for Centurion, and Frank Vanihel have known for a long time about such cost-saving practice and policy but despite such knowledge failed to correct it.

54) Defendant Byrd failure to recognize plaintiff medical crisis as a Gastrointestinal Emergency that was life threatening, which required Emergency treatment, such as Surgery. Caused plaintiff to suffer Irreparable harm. Defendant Byrd, gross neglect and deliberate Indifference to plaintiff serious medical needs has damage him so severely, that he can never be made Whole again.

55) Defendants, Centurion, L.L.C, Centurion Health Services, Regional Director for Centurion, and Frank Vanihel has cause, created, Authorized, Condoned, ratified, Approved or knowingly Acquiesced in illegal, unconstitutional, Actions, policies, Customs and practice that prevailed at Wabash Valley Correctional Facility, as described herein. Defendants directly and proximately caused the injuries and violations of rights set forth herein.

56) Defendants, Centurion, L.L.C, Centurion Health Services, Regional Director for Centurion, Samuel Byrd, and Frank Vanihel deliberate and Maliciously deprived plaintiff Galindo of his constitutional rights

CLAIM FOR RELIEF

First cause of Actions: Eighth & Fourteenth Amendments
(Cruel and unusual Punishment)

57) Plaintiff Galindo, incorporate by reference each and every Allegation contained in the proceding paragraphs as set forth fully herein.

58). Plaintiff Galindo, Advance this claim of the Eighth Amendment, Against All defendants.

59). By their policies and practices described herein, defendants deprived plaintiff Galindo adequate medical treatment for his serious medical needs, when they persist in a treatment known to be ineffective or when there was an inexplicable delay in Appropriate treatment, that worsens or prolongs plaintiff's suffering. Thus Violated plaintiff's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution For each of the reasons set forth below.

**A.** A prison physician cannot doggedly persist in a course of treatment known to be ineffective without violating 8th Amendment.

60). When a doctor is aware of the need to undertake a specific task and fails to do so, the case for deliberate indifference is particularly strong. The facts clearly showed that plaintiff was suffering from Life threatening Gastrointestinal Emergency. Defendant Byrd, did an examination of plaintiff, and ordered blood tests. Plaintiff diagnostic test, showed /or indicated that he was in need of Gastrointestinal Surgery. Yet defendant Byrd, refused to send plaintiff to see a specialist or a outside Hospital, and continued to administer treatment that he knew was ineffective. A constitutional violation can occur when medical providers persist in a treatment, known to be ineffective or when there is an "inexplicable delay" in treatment that worsens or prolongs the patient's suffering. Thus defendants violated plaintiff 8th Amendment right. Furthermore, the treatment that plaintiff did receive was so blatantly inappropriate

and constitute an act of intentional mistreatment that is likely to seriously aggravate a patients condition.

## B. A Delay in Care

61). In explicable delay in responding to an inmate's serious medical condition can reflect deliberate Indifference" particularly where that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." Additionally, a prison physician cannot simply continue with a course of treatment that [he] knows is ineffective in treating the inmate's condition. Thus, "A doctor's choice of the easier and less efficacious treatment for objectively serious medical condition" can constitute deliberate Indifference. The facts clearly showed that defendant Byrd subjected plaintiff Alternative treatment for his Gastrointestinal hemorrhaging, that he knew was ineffective. The delay in sending plaintiff outside to receive Appropriate treatment for his serious medical condition only exacerbated plaintiff's condition beyond repair. Plaintiff believes that his Adequate medical treatment was denied or delay to save cost. Although Administrative convenience and cost may be, in Appropriate circumstances, permissible factors for Correctional Systems to consider in making treatment decisions, the Constitution is Violated when they are considered to the exclusion of reasonable medical judgment about inmate health.

C. Centurion Health Service has a policy or practice of denying treatment in order to save money.

62). Plaintiff Galindo, contends that Centurion Health Service, or Centurion, L.L.C has a policy or practice of denying treatment in order to save money. Defendant Byrd decision to deny plaintiff adequate medical treatment for his serious medical needs, was influenced by Centurion Health Service or Centurion L.L.C cost saving policy. Centurion Health Service cost saving policy, sometime is referred to as ALTERNATIVE TREATMENT PLANS, to justify the denial of adequate medical. In short, Centurion Health Service has a policy or practice of delaying or refusing necessary medical care as a means of reducing costs. Although Centurion Health Service /or Centurion L.L.C is a corporation, as a corporate Centurion Health Service is liable because its policies or custom... has inflicted the injury. In short, a corporation can be held liable for "an express policy that, when enforced cause a constitutional deprivation."

Plaintiff Galindo, contends that Centurion Health Service cost-saving policy was the moving force behind the deprivation of his constitutional rights.

D. Defendants were deliberately indifference to the deprivations suffered by plaintiff Galindo

63). Finally, the policies and practices complained of herein

were implemented by defendants and their agents, officials, employees, and all persons acting in concert with them under the color of state law, in their official capacity, therefore constituting cruel and unusual treatment prohibited by the Eighth and Fourteenth Amendments of United States Constitution.

### E. The Liability of Frank Vanihel, as Warden of W.V.C.F

64). Defendant Frank Vanihel, is the Warden of Wabash Valley Correctional Facility. As Warden he is basically a guardian to plaintiff Galindo, who is a inmate in his care. Therefore, defendant Vanihel has a obligation and responsibility to make sure plaintiff Galindo receives adequate medical treatment while at W.V.C.F. Although Indiana Department of Corrections has contract with Centurion Health Services to provide health care treatment to the inmates confined within the I.D.O.C. Defendant Vanihel obligation and responsibility to plaintiff Galindo cannot be contracted away. In this regard, defendant Vanihel is liable.

## RELIE REQUESTED

WHEREFORE, plaintiff Galindo requests this Honorable court grant the following relief:

A. Issue A Declaratory Judgment that defendants did in fact violate plaintiff's rights as stated in the body of this complaint.

B. Grant Compensatory Damages in the following Amount:

1) 400,000 Against defendant Centurion, LLC;
2) 100,000 Against defendant Regional Director;
3) 200,000 Against defendant Byrd;
4) 50,000 Against defendant Yanihel

C. Grant punitive Damages of 10,000 Against each of the defendants, for Mental and Emotional distress.

D. Grant such other relief as this court deem fair and just.

Respectfully Submitted by

_____mg_____

Marco Galindo, DOC# 260450
W.V.C.F
6908 S. Old U.S. HWY 41,
P.O. BOX #1111,
Carlisle, Indiana 47838